# MEMORANDA

### OF

# CASES NOT REPORTED IN FULL.

JAMES DENICK, Appellant, v. WILLIAM B. HUBBARD, Respondent, Impleaded, etc.

*Promissory note — liability of an owner thereof who, in transferring it, signs his name above that of the maker — pleading — an antedated note may be alleged to have been made on the day of its date.*

Appeal from a judgment, entered on a nonsuit ordered at the Oswego Circuit.

April 28, 1877, Henry James and S. B. Terpening made and delivered to Reuben Terpening their promissory note, as follows :

"HANNIBAL, *April* 28, 1877.

"On the twentieth day of March next, for value received, I promise to pay Reuben Terpening, or bearer, eighty-two dollars, with use.

"HENRY JAMES.
"S. B. TERPENING."

Shortly after its date the payee signed his name under the signature of S. B. Terpening, and sold the note to the defendant, who held it until August 25, 1872, when he signed his name above the signature of Henry James, and sold the note to John N. Draper, who afterwards sold it for value to the plaintiff. The above facts were proved on the trial, and were not disputed. The complaint set out a copy of the note with the four signatures. None of the defendants were served except Hubbard.

The court at General Term said : "The defendant moved for a nonsuit on the ground that there was a material variance between the contract alleged and proved, to wit: that defendant's contract was made August 28, 1877, and that if liable at all, he was liable as surety. The court granted the motion. This was error. There is no evidence that the defendant contracted as surety, instead of as

principal, as between himself and Draper, from whom he received a consideration. When defendant signed this instrument it became his several and individual contract to pay the sum named, according to the terms of the writing. It became, as between himself and his transferee (as the evidence now stands), simply an antedated obligation by which he was bound. The contract, in form, is the joint note of the four signers, and it is the several note of each. (*Brownell* v. *Winnie*, 29 N. Y., 400, 408.) Though it be void as a joint contract, it may be, and is, under the evidence, good as the several contract of the defendant. (Byles on Bills [13th ed.], 8.) If an instrument be informal, as a note, it may be good as an agreement, if shown to have been made on a consideration, as in this case, and it may be recovered upon.

"An antedated note is well pleaded if alleged to have been made upon the day of its date, and especially under the Code, which authorizes an instrument for the payment of money only to be set forth in *hœc verba*.

"In *Stone* v. *White* (8 Gray, 589), relied on by the defendant, Snow only answered, who signed the note when he transferred it, 'Newell Snow, surety.'

"He was sued as maker, and it was held that the declaration was not good; that he should have been sued as surety, and the contract should have been alleged as of the date when signed. This case is not applicable to the rules of pleading established by our Code, which permits a copy of the contract to be set forth. Again, there is no evidence upon the face of this contract, or in the case, that this defendant contracted with Draper as surety for the other signers. If he did he could not show it as against the plaintiff in the action purchasing in good faith, before due, and for a valuable consideration."

*George S. Piper*, for the appellant.

*S. N. Dada*, for the respondent.

Opinion by FOLLETT, J.; HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.